TREVOR J. HATFIELD, ESQ
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 388-4469
Facsimile: (702) 386-9825
Email: *thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JULIA KIDD, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA AND THE CLARK COUNTY BOARD OF COMMISSIONERS, a Political Subdivision of Clark County; ADMINISTRATOR OF UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; <br><br> Defendant. | CASE NO: <br><br> **COMPLAINT** <br><br> **[JURY TRIAL DEMANDED]** |

COMES NOW, Plaintiff JULIA KIDD, (hereinafter "Plaintiff") by and through her attorney, Trevor J. Hatfield, Esq., of the law firm Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants (hereinafter "Defendant") as follows:

**NATURE OF THE ACTION**

This is a religious discrimination case where Plaintiff was terminated from her employment in violation 42 U.S.C. Section(s) 1201 *et seq.*, Title VII of the Civil Rights Act of 1964, (hereinafter "Title VII") and laws of the State of Nevada.

///

## PARTIES

1. At all times relevant hereto, Plaintiff, residing in Clark County, Nevada, was and is an individual residing in the State of Nevada. Plaintiff was an employee of Defendant.

2. Defendant is a Clark-county owned hospital organized under the laws of the State of Nevada and provides medical services to patients in Clark County, Nevada.

3. All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

4. All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendant, acting by and through their agents and employees. Said acts and or failures to act were within the scope of said agency and or employment, and Defendant ratified said acts and or omissions.

5. Defendant regularly employs fifteen or more persons.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants reside and/or regularly conduct business and where all the wrongful conduct occurred.

8. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has complied with all the administrative prerequisites to action under the applicable law. Plaintiff timely filed a formal Charge of Discrimination with the Nevada Equal Rights Commission (hereinafter "NERC") alleging that Plaintiff was subjected to religious discrimination in her workplace. Plaintiff promptly and diligently accommodated all NERC requests for information and fully cooperated in the agency's investigation of this matter.

10. Plaintiff has exhausted all available administrative remedies in accordance with the applicable law prior to instituting this civil action.

11. Plaintiff received her Right to Sue and timely filed this action as to Defendant.

## FACTUAL ALLEGATIONS

12. Plaintiff is a sincere devotee of the Pagan religion. She was hired as by Defendant in November 2003. Her last position was Staff Nurse.

13. In December 2021, Defendant implemented a covid-19 policy mandating that all employees, generally, become vaccinated. Plaintiff requested a religious exemption from being required to become vaccinated on religious grounds due to her Pagan religion. Defendant compelled Plaintiff to provide information to Defendant what her religious grounds were and Plaintiff complied. Defendant then requested further information regarding what her religious grounds were, and Plaintiff complied again. Meanwhile, Plaintiff complied with Defendant's requirements that employees who were not vaccinated provide a negative test to work and complied with Defendant's testing requirements.

14. Plaintiff received no response from Defendant regarding her request for an accommodation or exemption from having to become vaccinated due to her religious grounds after she provided additional information to Defendant regarding her religious exemption request. In January 2022, Plaintiff was suspended by Defendant for not getting vaccinated,

despite her request for a religious exemption and despite that she complied with Defendant's requirements that employees who were not vaccinated provide a negative test to work and complied with Defendant's testing requirements.

15. Other employees of Defendant who were or are not Pagan were granted requested religious exemptions from having to be compelled to have a covid-19 vaccination to continue to work for Defendant. Defendant denied Plaintiff's request for a religious exemption however and failed or refused to provide Plaintiff with information why Defendant denied Plaintiff's request.

16. Plaintiff then requested a charge of discrimination from NERC.

17. Plaintiff requested to interact with Defendant to no avail. Defendant suspended and then terminated Plaintiff for not getting vaccinated for covid-19. Plaintiff's termination was retaliatory for engaging in the protected activity of requesting a religious exemption from having to get vaccinated and for requesting a charge of discrimination from NERC, and discriminatory as her Pagan religious beliefs were deemed insincere or pretextual but other employees that are or were not Pagan were given a religious exemption from having to get the covid-19 vaccination to work or continue to work for Defendant.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Discrimination as to Terms and Conditions of Employment and/or Hiring Practices in Violation of Title VII: Religion and Hostile Work Environment)**

18. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

19. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff's request for a religious accommodation or exemption from being required to get the covid-19

vaccination was bona fide and did not cause any hardship for Defendant as Plaintiff complied with Defendant's requirements that all unvaccinated employees subject to testing negative to work or continue to work.

20. Plaintiff was subjected to discrimination due to her religion in that other employees that were or are not Pagan were granted a religious accommodation or exemption from having to get the covid-19 vaccination, and Plaintiff was treated differently in violation of law due to her religion or religious beliefs.

21. Plaintiff's employment was terminated after she requested a religious exemption from having to get vaccinated for covid-19, and when she complained of the religious discrimination and the hostile work environment that she incurred due to her request to Defendant.

22. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

23. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

24. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

///

## SECOND CAUSE OF ACTION

## Violation of Nevada Statutory Protections

25. Plaintiff incorporates Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

26. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

27. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

28. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their reporting of employment matters which violate the law.

29. Plaintiff was retaliated against due to his complaint to Defendant's representative regarding the religious discrimination and the hostile work environment.

30. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial.  Therefore, Plaintiff seeks all legal and equitable remedies available at law.

31. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

32. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. An award to Plaintiff for back pay and front pay economic damages in amount to be shown according to proof;

2. An award to Plaintiff for compensatory damages;

3. An award to Plaintiff for reasonable attorney's fees and costs;

4. An award to Plaintiff for interest on any awards at the highest rate allowed by law; and

5. Such other and further relief as this Court deems just and appropriate.

Dated this 29th day of November 2022.    **HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
   *Attorney for Plaintiff*